UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FELIX VLADIMIR PONCE-ALVAREZ,<br><br>Petitioner,<br><br>v.<br><br>ANDRE QUINONES, et al.,<br><br>Respondents. | Case No. 2:26-cv-04433-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. ORDER

The petition for writ of habeas corpus (Dkt. 1) is GRANTED. Federal Respondents have expressed their non-opposition to Petitioner Felix Vladimir Ponce-Alvarez's request for habeas relief. Dkt. 5 at 1 ("Federal Respondents request that this Court decide whether a writ should be granted based on the Petition and related filings."). Based on the claims and allegations presented in the petition, the Court concludes that immediate release is warranted.

Petitioner is a citizen of El Salvador who entered the United States without inspection in 2002. Dkt. 1-3 at 4. In 2013, he was placed in removal proceedings, which were administratively closed three years later. *Id.* at 6. He has several criminal convictions for offenses related to operating a motor vehicle while intoxicated, stemming from incidents that occurred in 2013,

2020, and 2023. Dkt. 1 ¶¶ 26–29. Throughout this time, he lived in the community subject to an Order of Release on Recognizance (OREC). *See* Dkt. 1-3 at 5. On February 24, 2026, he was detained by Immigration and Customs Enforcement officers during a routine appointment to comply with his reporting requirements. *Id.* The detention was ostensibly based on a January 2025 DUI conviction for an offense charged in 2020. *See id.*

Courts in this district have repeatedly held that, absent urgent circumstances justifying arrest, due process requires pre-deprivation notice and opportunity to be heard before re-detaining a noncitizen who had been allowed to live at liberty in the community. *See generally, e.g.*, *E.A.T.B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130 (W.D. Wash. 2025); *Kumar v. Wamsley*, 2:25-cv-01772-JHC-BAT, 2025 WL 2677089 (W.D. Wash. Sept. 17 2025). Here, a DUI conviction that was more than a year old, for conduct that occurred more than five years earlier, was not an urgent situation that would justify dispensing with pre-deprivation notice and opportunity to be heard. Petitioner's re-detention thus violated his procedural due process rights, and he is entitled to release.

Petitioner also requests injunctive relief against re-detention absent certain procedural safeguards. Dkt. 1 ¶¶ 87–92. Given the irreparable harm he has suffered while in detention—separation from his family and community, violation of his due process rights—and Respondents' continued unlawful re-detention practices, Petitioner has shown his entitlement to injunctive relief. *See, e.g.*, *Balde v. Quinones*, No. 2:26-CV-03992-TMC, 2026 WL 3572674, at *3 (W.D. Wash. Nov. 20, 2026).

## II. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. The unopposed motion to seal (Dkt. 6) is GRANTED. The document filed at Dkt. 7 shall remain sealed.

3. Within 24 hours of this Order, Respondents must RELEASE Petitioner Felix Vladimir Ponce-Alvarez subject to reasonable terms of supervision.

4. Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

5. Absent circumstances urgently requiring arrest or an administratively final order of removal, Respondents are ENJOINED from re-detaining Petitioner Felix Vladimir Ponce-Alvarez during the pendency of his removal proceedings without written notice and a pre-deprivation hearing before a neutral decisionmaker, at which the government bears the burden of proving by clear and convincing evidence Petitioner's dangerousness or risk of flight based on changed circumstances.

Dated this 24th day of November, 2026.

Tiffany M. Cartwright
United States District Judge